M. H. FLEMING *et ux. vs.* HANLEY, HOYE & CO.

PROVIDENCE—NOVEMBER 10, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Contracts. Rescission. Recovery of Purchase-Money.*

Where plaintiffs bought a store for $900 cash and $1,100 to be paid at some time in the future to be fixed by a note which was to be secured by mortgage, but no agreement was reached by the parties as to the time for which the note and mortgage were to run or the rate of interest, the understanding being that the vendor was to prepare the note and mortgage for vendee to execute, and this state of affairs continued for two months, when the vendor entered by force and vendee withdrew and brought suit for the sum paid, the act of the vendor was an attempt to rescind so much of the contract as the minds of the parties had met upon, acquiesced in by the vendee by bringing suit, and the vendee not being previously in default is entitled to be placed *in statu quo* as far as possible.

(2)   *Verdict. Excessive Damages.*

A verdict upon the above record, awarding the vendee the $900 paid, less $200 allowed for the use of the premises and such stock as was on hand when the vendee took possession, with interest added to the balance, is neither excessive nor improper.

ASSUMPSIT ·for money paid by plaintiffs on account of a contract mutually rescinded by the parties. A full statement of the facts in the previous trial of the case (which were substantially the facts in the present trial) can be found in the opinion, *Fleming* v. *Hanley, Hoye & Co.*, 21 R. I. 141. Heard on petition of defendants for a new trial, and new trial denied.

DOUGLAS, J. This case was tried in the Common Pleas Division on the 15th day of June, 1898, and a verdict was rendered in favor of the plaintiffs for $650.00. The defendants then petitioned for a new trial, and the Appellate Division granted said petition and awarded a new trial upon the ground that the jury appeared to have found for the plaintiffs on the charges of fraud, which were not sustained by the evidence, 21 R. I. 141.

The case was again tried in the Common Pleas Division on the 28th day of February, 1900, and the plaintiffs recovered a verdict for $885.50.

The defendants have again petitioned for a new trial upon the grounds:

1. That the verdict is against the law and the evidence and the weight thereof.

2. That the damages awarded are excessive.

3. That the court erred in matters of law in its rulings and charge.

(1)      We do not find that the facts shown upon the second jury trial differ materially from those recited by the court in its former opinion. The plaintiffs bought the store for $900 cash and $1,100 to be paid some time in the future to be fixed by a note which was to be secured by mortgage. The parties never agreed upon the time for which the mortgage and note were to run, nor upon the rate of interest, and so the terms of their bargain were incomplete. Mr. Hoye testifies that the understanding was that *he* should prepare the mortgage and note for the plaintiffs to execute. It may be that in these circumstances the plaintiffs could have tendered a note and mortgage conditioned for a reasonable time of

payment, and that the defendants would have been bound to receive them as a completion of the purchase; but with the understanding as stated by Hoye, the plaintiffs were not bound to do so but might require the defendants to draw the papers in satisfactory form.   This state of affairs continued for two months, and then the defendants entered by show of force and the plaintiffs, yielding to their apparent right, withdrew and brought this suit.   We have no doubt that this action of the defendants was an attempt to rescind the contract of sale, or so much of it as the minds of the parties had met upon.   Doubtless, if the sale had been complete, the plaintiffs could have sued them in trespass for their entry, and the legality of the title under which that act was done could have been contested; but by removing and bringing this suit they acquiesced in the rescission and, not being previously in default, are entitled to be placed *in statu quo* as far as possible.   We think the jury rightly found that the parties mutually rescinded the contract.

We think that the court properly instructed the jury upon this point, taking into account all the circumstances of the case.   The cases cited by defendants' counsel differ in one essential particular from this one.   *Stephens* v. *Wilkinson*, 2 Barn. & Ad. 320, was an action upon a bill of exchange given as part payment for articles bought by the drawer which the vendor afterwards forcibly took possession of.   It was held that the vendee could not treat this act of the vendor's as a rescission of the contract, but must resort to his action of trespass.   At first sight this case seems almost identical with the case at bar, but we think they may be clearly distinguished.   In the case cited the terms of the sale were agreed upon and the sale was complete.   In this case the material elements of the sale were never agreed upon.   It lay in the power of either party to say "we have tried to come to an agreement and have failed; we will retrace our steps and consider the bargain off," and the act of the defendants in taking possession of the property could mean nothing else.   If, as they contend, it was consistent with an affirmance of the bargain, the question arises: What

was that bargain? And the answer must be: Its terms were never fully agreed upon. In *Lee* v. *Stone*, 21 R. I. 123, the length of time the mortgage was to run and the rate of interest to be paid were held to be essential parts of a contract to sell and purchase land, and without a statement of these terms a contract is not enforcible.

It is said in *Page* v. *Eduljee*, 14 L. T. R. N. S. 176: "The authorities are uniform upon this point, that if before actual delivery the vendor resells the property while the purchaser is in default, the resale will not authorize the purchaser to consider the contract rescinded so as to entitle him to recover back any deposit of the price or to resist paying any balance of it which may be still due. If this is the case where the possession of property sold remains with the vendor *à fortiori* must it be so where there has been a delivery, and the vendor takes it out of the possession of the purchaser and resells it."

*Ashbrook* v. *Hite*, 9 Ohio St. 357, affirms the right of a vendor who retains possession of a chattel, for which part payment has been made, to resell on default of the purchaser and to recover the balance of the purchase-money from him. These cases would be decisive of the one we are considering if the terms of the bargain had been fully agreed upon.

(2) With reference to the amount of the verdict, we find that the jury gave the plaintiffs the $900 they had paid, less $200 which they allowed for the use of the premises and such stock as was on hand when the plaintiffs took possession, and added interest to the balance. We find nothing excessive in the verdict, or any indication that it was improperly arrived at.

A new trial is denied, and the case must be remanded to the Common Pleas Division for judgment upon the verdict.

*Page & Page and Arthur Cushing*, for plaintiffs.

*Dennis J. Holland and Hugh J. Carroll*, for defendants.